IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Brown, # Y276665, | ) | Civil Action No.: 6:03-3998 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Lieutenant Samuel Kearse; | ) | |
| Lieutenant Jeffrey Taylor; and | ) | |
| Corporal Brandy Platt, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, a state prisoner proceeding *pro se*, filed this action on December 29, 2003, pursuant to 42 U.S.C. § 1983, alleging that he was assaulted multiple times by the defendants, all of whom are employees of the South Carolina Department of Corrections ("SCDC"). The plaintiff is seeking equitable relief and damages from the defendants.

On January 7, 2005, this court entered an Order denying the defendants' motion to dismiss and motion for summary judgment. On April 28, 2006, this court scheduled a pretrial status conference and the Clerk of Court sent notice to all parties. On May 9, 2006, the status conference notice mailed to the plaintiff was returned by the United States Postal Service marked "Return to Sender" and "paroled."

Currently pending before the court is the defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure which was filed on May 16, 2006. As the plaintiff is proceeding pro se, he was advised on or about May 18, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion to dismiss could result in dismissal of his complaint. The Roseboro Order was returned on May 24, 2006, by the United States Postal Service marked "Unknown At this Address" and "paroled 4/24/2005."

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff has not responded to the defendants' motion to dismiss and has failed to provide the court with a current address. The court notes that on January 6, 2004, an Order was entered which informed the plaintiff of the change of address rule. Specifically, the plaintiff was informed that "if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused." The plaintiff was also informed that "your case may be dismissed for violating this Order." The court notes that the last communication it received from the plaintiff was on March 9, 2005, and as stated above, the court's most recent Order was returned with the notation that the plaintiff was paroled on April 24, 2005. This court concludes the plaintiff has abandoned his lawsuit. The court finds that no other reasonable sanctions are available as the court cannot indefinitely stall the progress of this case.

Accordingly, the defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is hereby **GRANTED**.

**IT IS SO ORDERED.**

                                         s/ R. Bryan Harwell
                                         R. BRYAN HARWELL
                                         UNITED STATES DISTRICT JUDGE

June 28, 2006
Florence, South Carolina